**Augustine  v.  E.  M.  Brown,  Inc.**

*F. Cortez Bell, Bell, Silberblatt & Swoope,* for plaintiffs.

*W. U. Smith, Smith, Smith & Work,* for defendants.

CHERRY, P. J., August 24, 1964.—Plaintiffs sued to recover damages for injury to their property allegedly caused by blasting conducted by defendants in a coal-mining operation in the general area of plaintiffs' premises. At the conclusion of plaintiffs' testimony as to liability, the court granted defendants' motion for compulsory nonsuit; and plaintiffs now move the court to take off the nonsuit and to grant a new trial. The court recognizes that a nonsuit cannot be entered except in clear cases; and a determination of this motion requires that the benefit of all the evidence, as well as reasonable inferences therefrom, be given to plaintiffs. Yet, the court is constrained to refuse the motion because it finds that plaintiffs failed to sustain their case either under the facts or the law. All of the testimony was that of plaintiffs and other lay witnesses who had lived either on or in the vicinity of the premises. No expert testimony was submitted in any respect.

Plaintiffs have owned, and lived upon, these premises since 1959, and water for their consumption and general household use was obtained from a spring near their house. From 1942 to 1961, there had been

several coal-stripping operations in the area by different operators; including the present defendants, who operated from 1959 to 1961, when the injuries to property were alleged to have occurred. The testimony was that in August of 1961, after some blasting in an area some distance from plaintiffs, a crack appeared in the spring's foundation, and that at their request, the foreman of defendants' job repaired it to normal condition; that another blasting occurred in September of the same year, and thereafter there was insufficient water in the spring, as well as several cracks in the foundation of the house. There was no direct evidence of where the blasting occurred and to visit any liability upon them it must be assumed that defendant conducted the blasting operations. An analysis of the testimony would show that, except by circumstance, the nature, location and distance of blasting with respect to plaintiffs' premises was not established; who blasted was not defined; nor that blasting was the factor leading to loss of water supply.

Further, the court feels bound by the Supreme Court's pronouncement in Kosco v. Hachmeister, Inc., 396 Pa. 288, 291, "While the earth movement, cracked walls, upthrust floors, etc. are immutable facts in the sense that they happened and were plainly to be seen, *their explanation lies in science rather than in lay experience and depends on oral testimony by experts.*" (Italics supplied.)

This, it appears to the court, is controlling in the instant case, despite the contention of plaintiffs that the rule enunciated by the Superior Court in the case of Bumbarger v. Walker, 193 Pa. Superior Ct. 301, 308, determines the matter. It is to be noted, first, that in the Bumbarger case there was not only lay testimony but also *expert* testimony as to the cause of contamination of the spring; and, secondly, the cases therein referred to also involved experts' proof of causation. It

was in the light of this type of evidence, both lay and expert, that President Judge Rhodes held:

"Where conditions which have continued for a long period of time change coincidentally with the occurrence of a new event, which in common experience may have caused the change, there is sufficient evidence of causation present for the case to go to the jury."

In any event, this court is convinced that, at the very least, the positions of the two appellate courts are conflicting, and chooses to interpret the Supreme Court's rule to require the action taken by this court in the instant case.

The other question raised in the case was whether plaintiffs were barred from introducing evidence of damages unless they first proved that the injury was permanent or that no other sources of water were available to them. Specifically, defendant contends that before plaintiffs could introduce evidence of "before and after injury" values of the property, they first had to prove permanent injury; that having failed to prove that no other sources of water were available, they could not then put into evidence such proof as to values before and after the injury. This question is resolved against defendant, this court concluding that it is answered and controlled by the case of Stevenson v. Ebervale Coal Company, 201 Pa. 112, 50 Atl. 818, which held that, "That right to arbitrarily decline the use of any other water proffered by the defendants was as absolute at the right of the plaintiff to use his own unpolluted water." See also Restatemtnt, Torts, vol. 4, §929, "Where a person is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction in value, the damages include compensation for (a) at the plaintiff's election (i) the difference between the value of the land before the harm and the value after the harm or the cost of restoration. . . ."

In view of the foregoing, the court enters the following

*Order*

Now, August 24, 1964, plaintiffs' motion to take off nonsuit and to grant new trial is refused.